UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SUSAN E. PRAMUK,

        Plaintiff,

v.

PATIENTS BILL OF RIGHTS MAYO CLINIC,
DR. FREDRIC GROVES, and
DR. WILLIAM F. YOUNG, JR.,

        Defendants.

Civil No. 13-2467 (PAM/JJG)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    BACKGROUND**

Plaintiff is attempting to sue the Mayo Clinic, and two doctors identified as Dr. Frederic Groves and Dr. William F. Young, Jr. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "7. I needed an additional specialist in the MN. area, so, I went 'to the patients bill of rights' that proclaimed that there would be no chastisement for following the protocal [sic] with that I wrote, to 'Medical Board of Practice' about an additional Doctor, and also mentioned 'please no alternative medicine which includes voodune [sic],' After this letter was sent medical board of practice anounced [sic] they only License, and I told them to drop the paper after seeing a docket number. Then I called 'Health and Human'

> Services, Joint Commission for help with this situation, after exhausting all possibilities of Mayo Clinic's internal possibles in obtaining an additional Doctor. (Feb 2010, March 2010, April 2010. Finally I was sent a letter from the Mayo Clinic (Dr. Fredric Groves that astounded myself after being a 20 yr. patient I was rudly [sic] kicked out of the clinic."

(Complaint, [Docket No. 1], p. 4.)

Plaintiff's complaint does not describe any harm or injury for which she is seeking redress. Furthermore, Plaintiff has not described any specific relief that she is seeking in this action. Indeed, the "Request for Relief" section of Plaintiff's complaint is completely blank. (Id.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."

2

Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state any actionable claim for relief, because it does not allege any specific historical facts that could entitle Plaintiff to any judgment against any named Defendant under any conceivable legal theory. The complaint does not describe anything that any Defendant actually did (or failed to do) that could be viewed as a violation of any federal law or doctrine.[1]

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not described any facts that could entitle her to any legal redress against any named Defendant (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court must recommend that her IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

**III.   RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

---

[1] Plaintiff's complaint asserts that federal subject matter exists under the "Civil Rights Act of 1964 (42 U.S.C. § 200 det. seq)," the "Medical Bill of Rights," "Section 504 Rehabilitation Act of 1973 (29 U.S.C. § 794)," and the "Public Health Service Act 4 U.S.C. § 295m and 296." (Complaint, p. 2, § 4.) However, Plaintiff has made no effort to explain how any of those statutes might be applicable to this case, and she certainly has not alleged a set of specific facts that support a claim for relief under any of the statutes she has cited.

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: September 23, 2013         s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 11, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.